UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA NYGREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| CITY OF INDIANAPOLIS ) | |
| OFFICER MARK E. BENSON, OFFICER ) | |
| KEVIN VILLAGRAN CASASOLA ) | |
| OFFICER KEVIN DULEY, OFFICER ) | |
| JONATHAN P. FRANTSI, ) | |
| OFFICER CHRISTOPHER HUDSON, ) | |
| OFFICER TRAVIS J. SPERRY ) | |
| OFFICER RYAN A. WRIGHT, ) | |
| (in their Individual and Official Capacities) ) | |
| ) | |
| Defendants. ) | |

COMPLAINT

Comes Now Joshua Nygren, (hereinafter, "Plaintiff" or "Nygren"), by and through,

counsel, and complains of Defendants, City of Indianapolis, Officer Mark E. Benson, Officer

Kevin Villagran Casasola, Officer Kevin Duley, Officer Jonathan P. Frantsi, Officer

Christopher Hudson, Officer Travis J. Sperry, and Officer Ryan A. Wright (hereinafter

"Defendants") as follows:

INTRODUCTORY STATEMENT

1. This is a cause of action for damages sustained by Joshua Nygren, a citizen of the

United States, and other relief pursuant to 42 U.S.C. § 1983 arising from the excessive force

inflicted upon him by the Defendants while Plaintiff was handcuffed and restrained, in

violation of Plaintiff's rights secured to him by the Fourth and Fourteenth Amendments to

the United States Constitution.

2. This is a cause of action for damages sustained by Joshua Nygren, a citizen of the United States, and other relief pursuant to 42 U.S.C. § 1983 arising from the failure of the Defendants to intervene when excessive force was being inflicted upon him by the other Defendants while Plaintiff was handcuffed and restrained, in violation of Plaintiff's rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution.

3. This is a cause of action for damages sustained by Joshua Nygren, a citizen of the United States, and other relief pursuant to 42 U.S.C. § 1983 arising from the City of Indianapolis' pattern of tolerating unjustified force and failing to discipline its officers in the City of Indianapolis' Metropolitan Police Department (hereinafter "IMPD"), failure to train on appropriate force limitations, failure to supervise and monitor officer use-of-force incidents, which deliberate indifference allowed the violation of Plaintiff's rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution by the named Defendants with the IMPD.

## JURISDICTION AND VENUE

4. Plaintiff incorporates paragraphs 1 through three (3) as if fully set forth herein.

5. This cause of action is brought pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343, and the United States Constitution.

6. Plaintiff previously filed notice pursuant to the Indiana Tort Claims Act, Indiana Code §34-13-3-0.1 *et seq.*

7. Venue is proper in the Southern District of Indiana under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Marion County, Indiana, within this District.

## PARTIES

8. Plaintiff incorporates paragraphs 1 through seven (7) as if fully set forth herein.

9. Plaintiff Joshua Nygren is an adult resident of Marion County, Indiana and at all times relevant to this cause of action was a citizen of the United States.

10. Defendant, City of Indianapolis, is a municipality duly incorporated under the laws of the State of Indiana and was the employer and principal of Defendants, Officer Mark E. Benson, Officer Kevin Villagran Casasola, Officer Kevin Duley, Officer Jonathan P. Frantsi, Officer Christopher Hudson, Officer Travis J. Sperry, and Officer Ryan A. Wright, in respect to their official capacities with IMPD.

11. Officer Mark E. Benson was at all times relevant hereto, an IMPD police officer employed by the City of Indianapolis, acting within the scope of his employment and under color of law. He is sued in his individual and official capacity.

12. Officer Kevin Villagran Casasola was at all times relevant hereto, an IMPD police officer employed by the City of Indianapolis, acting within the scope of his employment and under color of law. He is sued in his individual and official capacity.

13. Officer Kevin Duley was at all times relevant hereto, an IMPD police officer employed by the City of Indianapolis, acting within the scope of his employment and under color of law. He is sued in his individual and official capacity.

14. Officer Jonathan P. Frantsi was at all times relevant hereto, an IMPD police officer employed by the City of Indianapolis, acting within the scope of his employment and under color of law. He is sued in his individual and official capacity.

15. Officer Christopher Hudson was at all times relevant hereto, an IMPD police officer employed by the City of Indianapolis, acting within the scope of his employment and under color of law. He is sued in his individual and official capacity.

16. Officer Travis J. Sperry was at all times relevant hereto, an IMPD police officer employed by the City of Indianapolis, acting within the scope of his employment and under color of law. He is sued in his individual and official capacity.

17. Officer Ryan A. Wright was at all times relevant hereto, an IMPD police officer employed by the City of Indianapolis, acting within the scope of his employment and under color of law. He is sued in his individual and official capacity.

## FACTS

18. Plaintiff incorporates paragraphs 1 through seventeen (17) as if fully set forth herein.

19. On and before February 5, 2024, there was dissolution of marriage litigation between Plaintiff and his estranged wife pending in the Marion County Superior Court.

20. On or about February 5, 2024, Plaintiff received a message that his dog was running loose near his martial residence. In light of the pending dissolution of marriage litigation, Plaintiff reached out to an IMPD contact and requested that IMPD be present as he tended to his dog at the martial residence.

21. Officer Kevin Duley arrived at the martial residence and detained Plaintiff by placing him in handcuffs. Thereafter, Officer Mark E. Benson, Officer Kevin Villagran Casasola, Officer Jonathan P. Frantsi, Officer Christopher Hudson, Officer Travis J. Sperry, and Officer Ryan A. Wright were on the scene.

22. Officer Kevin Duley, after taking Plaintiff into custody, learned of a February 2, 2024 *Ex Parte* Order issued in the dissolution of marriage litigation decreeing that Joshua Nygren was to be removed from martial residence and that the estranged wife shall have sole and exclusive possession of the property pending further Order by the Court.

23. That Plaintiff advised the Defendants that he was unaware of the February 2, 2024 *Ex Parte* Order and that he had not been served with a copy of said order.

4

24. That on February 5, 2024, and prior to the Plaintiff's encounter with the Defendants, Marion County Sherriff Deputy Sgt. Carter (S179) certified that service of the February 2, 2024 *Ex Parte* Order had not been perfected on Plaintiff at the marital residence. Sgt. Carter further informed that at 12:32 PM on February 5, 2024, Plaintiff's estranged wife indicated that Plaintiff was not present at the marital residence.

25. That on February 6, 2024, a Rachel Brunson, Plaintiff's estranged wife's attorney, certified that on February 5, 2024, she had personally served a Shanelle Stone, in care of Plaintiff, at a health facility with a copy of the February 2, 2024 *Ex Parte* Order. Rachel Brunson further attested that Shanelle Stone confirmed that Plaintiff would receive the documents prior to his release.

26. Again, Plaintiff advised the Defendants that he was unaware of the February 2, 2024 *Ex Parte* Order and that he had not been served with a copy of said order.

27. That Officer Kevin Duley then arrested Plaintiff for a misdemeanor criminal trespass.

28. While Plaintiff was restrained and in handcuffs and while he was not acting in a manner that posed an immediate threat to officers or others, one or more Defendant officers intentionally struck Plaintiff, including but not limited to: knee strikes; kicks; and physical blows to Plaintiff's body.

29. While Plaintiff was restrained in handcuffs and while he was not acting in a manner that posed an immediate threat to officers or others, one or more Defendant officers had realistic opportunity but failed to intervene thereby allowing Plaintiff to be intentionally struck.

30. As a direct and proximate result of the officers' actions and inactions, Plaintiff sustained bodily injuries including, but not limited to: Multiple bruises/contusions; Back pain, including lower back pain; Testicular/groin pain; and Hematuria.

31. Criminal charges were initiated against Plaintiff and have since been dismissed by the Marion County Prosecutor's Office, and the record was ordered expunged, reflecting the lack of credible basis for the arrest and prosecution.

32. Plaintiff lost time and income from his employment and was eventually terminated, resulting in further economic damages.

33. The acts described above were objectively unreasonable under the circumstances, excessive, and undertaken maliciously and/or with reckless disregard for Plaintiff's federally protected rights.

34. At all times, Defendant officers were acting under color of state law, within the scope of their employment or apparent authority, and as agents of the City of Indianapolis.

## COUNT I

35. Plaintiff incorporates paragraphs 1 through thirty-four (34) as if fully set forth herein.

36. The actions and inactions of the Defendant Officers in the physical beating of the handcuffed Plaintiff, without just cause, constituted the use of excessive force in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries and damages alleged in this Complaint

37. The force used by the Defendant Officers was unnecessary, excessive, and unreasonable under the circumstances, as Plaintiff was detained in handcuffs and did not pose an immediate threat to the safety of the officers. The Fourth Amendment prohibits the use of excessive force by law enforcement officers during seizures.

38. The failure of the Defendant Officers who had realistic opportunities to intervene during the use of excessive force was unreasonable under the circumstances, as Plaintiff was detained in handcuffs and did not pose an immediate threat to the safety of the officers. The

6

Fourth Amendment prohibits the use of excessive force by law enforcement officers during seizures.

39. Defendant officers' use of force was excessive, objectively unreasonable, and not justified by any legitimate law enforcement purpose.

40. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

41. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

42. The individual Defendants' misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Indianapolis

43. As a result of the Defendants' misconduct described in this Count, the Plaintiff suffered physical injury, pain and suffering, emotional distress, medical expenses, and loss of earnings and earning capacity.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, plus costs of this action, attorney's fees, and whatever additional relief this Court deems equitable and just.

## COUNT II

44.      Plaintiff incorporates paragraphs 1 through forty-three (43) as if fully set forth herein.

45.      Officer Mark E. Benson, Officer Kevin Villagran Casasola, Officer Kevin Duley, Officer Jonathan P. Frantsi, Officer Christopher Hudson, Officer Travis J. Sperry, and Officer Ryan A. Wright and other police officers at the scene of the incident were acting under color of law and acting pursuant to the customs practices and policies of the City of Indianapolis with regards to the use of force as authorized and/or ratified by the City of

Indianapolis. The City of Indianapolis failed to provide proper training to its officers in the use of force.

46.    Furthermore, the City of Indianapolis failed to provide proper training to its officers on how to deal with alleged suspects while detained and in handcuffs. As a result of these failures, Plaintiff was deprived of rights and privileges secured to him by the United States Constitution and by other laws of the United States, and in violation of 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, plus costs of this action, attorney's fees, and whatever additional relief this Court deems equitable and just.

## COUNT III

47. Plaintiff incorporates paragraphs 1 through forty-six (46) as if fully set forth herein.

48. At all times material in this cause of action, Officer Mark E. Benson, Officer Kevin Villagran Casasola, Officer Kevin Duley, Officer Jonathan P. Frantsi, Officer Christopher Hudson, Officer Travis J. Sperry, and Officer Ryan A. Wright and others, were agents of the City of Indianapolis and were at such time acting within the full course, scope and authority of their respective positions as police officers therefore imputing liability to the City of Indianapolis for their conduct and resulting damages outlined above under the principles of *respondeat superior,* the law of agency, the laws of the State of Indiana, as applicable. Plaintiff is, therefore, entitled to general, compensatory, and punitive damages from all defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, plus costs and any and all other relief that this Court deems just fair, necessary, and proper.

8

## COUNT IV

49. Plaintiff incorporates paragraphs 1 through forty-eight (48) as if fully set forth herein.

50. The City of Indianapolis were the employers of Officer Mark E. Benson, Officer Kevin Villagran Casasola, Officer Kevin Duley, Officer Jonathan P. Frantsi, Officer Christopher Hudson, Officer Travis J. Sperry, and Officer Ryan A. Wright, all of whom were involved in the use of excessive force against Plaintiff relevant to the allegations contained in this Complaint.

51. Officer Mark E. Benson, Officer Kevin Villagran Casasola, Officer Kevin Duley, Officer Jonathan P. Frantsi, Officer Christopher Hudson, Officer Travis J. Sperry, and Officer Ryan A. Wright were all involved in the events described in this Complaint and committed the acts alleged in this Complaint while in the scope of their employment with the City of Indianapolis.

52. The City of Indianapolis should indemnify Officer Mark E. Benson, Officer Kevin Villagran Casasola, Officer Kevin Duley, Officer Jonathan P. Frantsi, Officer Christopher Hudson, Officer Travis J. Sperry, and Officer Ryan A. Wright pursuant to Indiana law providing for indemnification of a public entity's employees.

WHEREFORE, Plaintiff demands judgment against the City of Indianapolis for compensatory and punitive damages, plus costs and any and all other relief that this Court deems just, fair, necessary, and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

*/s/ Jeremy S. Baber*
Jeremy S. Baber, (22883-29)

**Vaughn A. Wamsley, PC**
851 South Rangeline Road
Carmel, IN  46032
(317) 846-1080
(317)581-1234 fax
jbaber@pilegal.com